IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHERYL MCDONALD | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-03101-JMC |
| SDR RESTAURANTS, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * *

## MEMORANDUM

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 19). Now pending is SDR Restaurant's, d/b/a McDonald's, ("Defendant") Motion to Dismiss, or in the alternative, for Summary Judgment. (ECF No. 20). Plaintiff has failed to respond, and the time to do so has passed. *See* (ECF No. 22). Specifically, on January 8, 2020, this Court informed Plaintiff of her right to file a response to Defendant's Motion and provided her with twenty-eight days to do so. *Id.* This letter also noted, "if you file no written response, the Court will resolve the case based on the materials submitted by defendant(s)." *Id.* "The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Niner v. Garrett Cty. Pub. Works*, No. ELH-17-2948, 2018 WL 3869748, at *1 (D. Md. Aug. 15, 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nonetheless, no hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons stated below the Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

On October 24, 2019, Plaintiff sued the Defendant alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"). (ECF No. 1 at 4).

Plaintiff began her employment as a crew-member at the Parkville McDonald's Location on or about April 24, 2018. *Id.* at 15. In this position, Plaintiff's duties consisted primarily of cleaning and food preparation. *Id.* at 9–10. Plaintiff asserts that during her employment she was often sent home after arriving at work, denied breaks, and forced to go outside and deliver orders when those younger than her were overlooked for that job duty. *Id.* at 15.

On August 22, 2018, a new manager, Cierra Stokes ("Ms. Stokes"), began supervising the restaurant. (ECF No. 20-1 at 2). Plaintiff claims that Ms. Stokes referred to her as a "special case," told her to go home, and that other co-workers informed Plaintiff that Ms. Stokes stated that she was too old. (ECF No. 1 at 16). Plaintiff further contends that on August 24, 2018, Ms. Stokes corrected her food preparation skills in a rude manner, and then had an "attitude" when she was around Plaintiff. *Id.* After a verbal back-and-forth, Ms. Stokes told Plaintiff that she could go home, and "don't come back for the rest of the day." *Id.* Plaintiff asked why, and then queried as to when she should return to work. Plaintiff claims that Ms. Stokes told her "don't come back at all." *Id.* The Complaint does not indicate that Plaintiff ever returned to work. *See id.* ("I never returned because I was told by Cierra not to return on 8.22.18.").

## II. LEGAL STANDARD

Defendant has moved to Dismiss, or in the alternative, for summary judgment. (ECF No. 20).[1] A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which necessitates "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F. Supp. 133, 136 (D. Md. 1995). Further, the Court must construe the facts, and reasonable inferences from the facts, in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Nevertheless, this rule demands more than bald accusations or mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a complaint provides no more than 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action," it is insufficient." *Niner*, 2018 WL 3869748, at *7 (quoting *Twombly*, 550 U.S. at 555).

---

[1] Plaintiff filed her Complaint pursuant to pursuant to 28 U.S.C. § 1915(a)(1), for leave to proceed in *forma pauperis*. The failure of a complaint to state a cause of action or a claim for which relief could be granted has been held to warrant or require its dismissal as frivolous under § 1915(d). Accordingly, the legal standard for dismissing a complaint for failure to state a claim, pursuant to the forma pauperis statute, is identical to the legal standard when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g.*, *Hodge v. Murphy*, 808 F. Supp. 2d 405 (D.R.I. 2001); 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

### A. ADEA

Generally speaking, to establish a case of unlawful age discrimination the ADEA, the terminated employee (here, Plaintiff) must establish: (1) she is a member of a protected class; (2) she was qualified for the job and met her employer's legitimate expectations; (3) she was discharged despite her qualifications and performance; and (4) following her discharge, she was replaced by a substantially younger individual with comparable qualifications. *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006); 29 U.S.C. § 621.

Defendant contends that Plaintiff's Complaint fails to establish any of these requisites. First, Defendant argues that Plaintiff fails to establish she was terminated. Given that Plaintiff is proceeding *pro se*, and this Court's obligation to review the Complaint in the light most favorable to the non-moving party, this Court will accept (at this time) that Plaintiff was terminated. Further, at the time of suit plaintiff was fifty-six. (ECF No. 1 at 5).

With respect to the second requisite (that Plaintiff was qualified and met her employer's legitimate expectations), once a person is hired the distinction between "qualifications" and "job expectations" tends to blur. An employee may be qualified when hired, but could fail either to maintain her qualifications or, more commonly, to meet her employer's legitimate expectations for job performance. *Warch*, 435 F.3d at 515. In such cases, the *prima facie* case requires the employee to demonstrate that she was qualified in the sense that she was doing her job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative. *Id.* Here, Plaintiff acknowledges that Ms. Stokes, and Ms. Stokes' boss, criticized her job performance, and fails to rule out the possibility that she was "fired" due to this inadequate job

performance. Similarly, Plaintiff's Complaint fails to establish that she was performing at a level acceptable to her employer.

Plaintiff's charge of discrimination further asserts that she was informed by co-worker that Ms. Stoke referred to her as too old. However, this in insufficient, as "[e]ven if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action." *Muldrow v. Schmidt Baking Co., Inc.*, No. WDQ-11-0519, 2012 WL 4838500, at *7 (D. Md. Oct. 5, 2012) (citing *Warch*, 435 F.3d at 520). Plaintiff, simply, has not correlated her termination to any discriminatory statement or conduct, and has failed to allege that she suffered an adverse employment action based on her age. Finally, Plaintiff makes no attempt to suggest that she was replaced by a substantially younger individual with comparable qualifications.

Accordingly, Plaintiff's claims under the ADEA are DISMISSED without prejudice.

B. Claims under the ADA

Plaintiff also contends that she was wrongfully terminated and denied accommodations for her disability in violation of the ADA, as codified in 42 U.S.C. § 121112(a). The ADA prohibits discrimination in employment decisions based on a disability. *Id.* As a threshold issue, Plaintiff fails to identify what, if any, disability she has, and accordingly she fails to state a claim for wrongful termination under the ADA. *Anderson v. Discovery Comm.*, 517 Fed. App'x 190 (4th Cir. 2013) ("A threshold issue is whether a plaintiff has adduced evidence that she is such a person, i.e., that she is an individual with a disability by the statute). In relevant part, the ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(a)(A). Thus, having a "physical or mental impairment" is not sufficient on its own to establish an ADA-cognizable disability, nor is showing

that the impairment affects "one or more major life activities." An individual must also show she is "substantially limit[ed]" as a result of the impairment. See *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 489 (1999). Plaintiff fails to indicate what, if any, disability she suffers from, and also does not elaborate on how she was "substantially impaired," at the time McDonald's terminated her employment.

As both of Plaintiff's claims under the ADA — unlawful termination and failure to make a reasonable accommodation — require a showing that she was "disabled" within the meaning of the ADA, and Plaintiff has failed to provide any facts to support such, both claims are DISMISSED without prejudice with leave to amend. *See Rhoads v. FDIC*, 257 F.3d 373, 382 (4th Cir. 2001).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 20) is GRANTED, and the claims against Defendant SDR are DISMISSED without prejudice. Plaintiff is granted leave to file an amended complaint by March 13, 2020 but is cautioned that any such complaint must be compliant with Rules 8 and 10 of the Federal Rules of Civil Procedure and must address the deficiencies noted in this Opinion. A separate Order shall issue.

Date: February 13, 2020        /s/
                               J. Mark Coulson
                               United States Magistrate Judge