THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHERYL MCDONALD | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 19-cv-03101-JMC |
| SDR RESTAURANTS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF No. 19). Now pending is Cheryl McDonald's ("Plaintiff") request for reconsideration. (ECF No. 28). This Court previously granted SDR Restaurant's, d/b/a McDonald's, ("Defendant") Motion to Dismiss. (ECF No. 20). "The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Niner v. Garrett Cty. Pub. Works*, No. ELH-17-2948, 2018 WL 3869748, at *1 (D. Md. Aug. 15, 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nonetheless, Plaintiff's request for reconsideration is DENIED. However, because Plaintiff's motion was filed within the time limits established by Federal Rule of Civil Procedure 59, the Court will GRANT Plaintiff an extension of time in which to file an amended complaint to May 1, 2020.

I. BACKGROUND

On October 24, 2019, Plaintiff sued the Defendant alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"). (ECF No. 1 at 4). Defendant filed a Motion to Dismiss, or in

1

the alternative, for Summary Judgment. (ECF No. 20). Plaintiff failed to respond. Specifically, on January 8, 2020, this Court informed Plaintiff of her right to file a response to Defendant's Motion and provided her with twenty-eight days to do so. *Id.* This letter also noted, "if you file no written response, the Court will resolve the case based on the materials submitted by defendant(s)." *Id.* This Court granted Defendant's Motion to Dismiss, but provided Plaintiff leave to file an amended complaint by March 13, 2020. (ECF No. 24 at 6). However, Plaintiff did not file an amended complaint by that date, but instead submitted a letter to the Court requesting it reconsider its decision. (ECF No. 28).

II. RULE OF LAW & ANALYSIS

A motion for reconsideration filed within 28 days of the underlying order, such as here, is governed by Federal Rule of Civil Procedure 59(e). *See Addison v. Dep't Navy*, 2015 WL 1650090, at *1 (D. Md. Apr. 13, 2015). This rule permits the district court to reconsider a decision in certain circumstances. *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012), *aff'd*, 746 F.3d 546 (4th Cir. 2014). Rule 59(e) itself does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit clarified that: "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal citations omitted); *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

However, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Cureton v. Cianbro Corp.*, 2007 WL 397025, at *1 (D. Md. Jan. 30, 2007) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d

2

396, 403 (4th Cir. 1998)). Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

In the Fourth Circuit, the standard governing reconsideration under Rule 59 or Rule 60 is the same. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). "Where the motion is nothing more than a request that the district court changes its mind . . . it is not authorized by [either rule]." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

III. DISCUSSION

Plaintiff has not addressed any of the grounds for reconsideration under Rule 59(e), as she: fails to provide the Court with any information indicating an intervening change in controlling law; evidence not available at trial (here, in fact there was no trial but rather a decision on a dispositive motion); or a clear error of law or the danger of manifest injustice. Fed. R. Civ. P. 59(e). To the contrary, Plaintiff in large part repeats her previous arguments, which were already decided upon by this Court. *See* (ECF No. 24). Plaintiff's request, essentially, is a request that this court change its mind with respect to the dismissal of the Complaint. *See, e.g.*, *Harrison v. Woodward*, 2013 WL 12155208, at *1 (E.D. Va. Apr. 9, 2013).

Plaintiff takes issue with the Court's decision, arguing that "discrimination goes a long way that we as people deal with and we older people who have a disability shouldn't not be judged or discriminated against because we can't move fast enough or articulated like other people." (ECF No. 28 at 1–2). The Court, of course, agrees with that general sentiment, but also must apply the statutes at issue by their terms and in accordance with legal precedent.

3

In this Motion for Reconsideration, Plaintiff's re-asserts that she was informed by a co-worker that Ms. Stokes referred to her as too old, and that on multiple occasions Ms. Stokes "would make statements about me being slow and not needed and I was to do what I was told because she was the boss. But with a very nasty attitude and I would try to talk to her and explain to her that I have been working for a while over four hours and needed a break because I was in pain." (ECF No. 28 at 2). Despite Plaintiff taking issue with this Court's decision, she still does not address the fundamental flaw in her orginal claim because as "[e]ven if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action." *Muldrow v. Schmidt Baking Co., Inc.*, No. WDQ-11-0519, 2012 WL 4838500, at *7 (D. Md. Oct. 5, 2012) (citing *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)). Plaintiff, simply, has not correlated her termination to any discriminatory statement or conduct, and failed to allege that she suffered an adverse employment action based on her age or, that her job was given to a younger worker. Further, Plaintiff did not provide the Court with any additional information regarding her alleged-physical or mental disability, a charge that she did not raise with Equal Employment Opportunity Commission in her administrative filing.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 28) is DENIED. However, the Court will treat Plaintiff's Motion as tolling the time in which she may file an amended complaint. That deadline is now extended to May 1, 2020. A separate Order follows.

March 31, 2020

/s/
J. Mark Coulson
United States Magistrate Judge